

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2774 | **DATE** | February 23, 2012 |
| **CASE TITLE** | Yaroslav S. Sklyarsky vs. ABM Janitorial Services-Midwest | | |

## DOCKET ENTRY TEXT

Plaintiff's motion's motion for relief [104] is denied. Plaintiff's motion for leave to proceed *in forma pauperis* on appeal [103] is denied.

■[ For further details see text below.]

Notices (2) mailed by Judicial staff.

## STATEMENT

Plaintiff seeks reconsideration of the granting of costs in the amount of $1,876.41. Since filed within 28 days of the entry of the bill of costs, this is treated as a motion pursuant to Fed. R. Civ. P. 59(e). Although plaintiff now raises issues that were not raised before the bill of costs was ruled upon, none of his contentions has merit so it is unnecessary to consider whether any issue is waived. As was previously held, the form of judgment that was entered did not preclude an award of costs.

To the extent plaintiff now contends no costs should be awarded due to his financial condition, that is not a basis for denying costs in this case. In order to qualify for that exception, plaintiff bears the burden of showing that he is "incapable of paying the court-imposed costs at this time or in the future." *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). In exercising the discretion to award or not award costs, the court should also "consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." *Rivera*, 469 F.3d at 635-36. Plaintiff provides a financial affidavit in which he sets forth a monthly income equal to his expenses and contends that the few thousand dollars that he has in a bank account is necessary to maintain a cash flow and less than the balance of his credit card debt. Plaintiff, though, does not show that he will not be capable of paying the costs in the future or by currently incurring additional credit card debt. Moreover, as is discussed below, this was not a close case. Further, this case was prolonged by plaintiff's failure to cooperate with appointed counsel and plaintiff's obstinance in denying facts without having any support for his contrary contentions. Moreover, plaintiff pursued this course of action even though his only direct financial loss was one day's pay. (He also contended he suffered the indirect loss of taking a day and one-half of unpaid sick leave.) Costs will not be denied based on plaintiff's financial condition.

Contrary to plaintiff's contention, the deposition expenses allowed were reasonable. As previously discussed, the costs awarded for interpreter expenses are proper under 28 U.S.C. § 1920(6). Although defendant did not expressly state the cost per copy for exemplification, at least one itemized charge was for $.05, which indicates the costs was $.05 per page. The total for exemplification was also reasonable for a

| STATEMENT |
|---|

case of the present type.

     The motion for reconsideration is denied. If plaintiff wishes to appeal the issue of costs, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of today's order and reference the initial ruling on costs and today's ruling.

     Plaintiff also requests leave to proceed on appeal *in forma pauperis*. The ruling on summary judgment set forth, in detail, the facts that were before the court, taking into account all the various contentions raised by plaintiff in both his attorney-drafted brief and his *pro se* filings. Because of the factual discussion, that ruling is lengthy. The legal issues, however, were straightforward. There was only one incident that constituted an adverse employment action. That also constituted a materially adverse action for purposes of the retaliation claim and one other incident was also assumed to be a materially adverse action. The discrimination claim clearly failed because, as to the one instance of an adverse employment action, plaintiff failed to provide any evidence of similarly situated, non-Ukranian employees who were treated more favorably. There is no non-frivolous basis for appealing the dismissal of the discrimination claim. As to the retaliation claim, plaintiff failed to present anything close to an adequate basis for inferring a causal relationship between either adverse action and his protected activity. The record does not indicate any non-frivolous basis for appealing the dismissal of the retaliation claim. Since there is no non-frivolous basis for appeal, leave to proceed *in forma pauperis* on appeal is being denied. (Even if there were a non-frivolous basis for appeal, plaintiff should still be required to pay a partial filing fee based on his financial condition.)